THE ATTORNEY GENERAL
OF TEXAS
GERALD C. MANN      AUSTIN 11, TEXAS
WXIXXXXXXXXXX
ATTORNEY GENERAL


House of Representatives
Austin, Texas

Gentlemen:            Opinion No. O-382
                    Re: Interpretation of Article 6243-6

       We are in receipt of a letter from Honorable E. R. Lindley, Chief Clerk, attaching H. S. R. No. 134, being a resolution requesting our construction of Section 4, of H.B. No. 8, Chapter No. 495, of the General and Special Laws of the Forty-fourth Legislature, Third Called Session, the same being Article 6243-6, Revised Civil Statutes, upon the question as to whether or not the Old Age Assistance Commission has the authority to take into consideration the status and financial ability of an applicant's child, or other relatives, in connection with an application for old age assistance.

       Article 6243-1, Sec. 2, Revised Civil Statutes, contains the following qualifications upon those entitled to assistance, among others, to-wit:

       (f). Has an income, if a single person, from any and all sources not exceeding Three Hundred Sixty Dollars ($360) per year, or if married, a combined income from money and all sources not exceeding Seven Hundred Twenty ($720) per year.

       (g). Does not own property real, personal, or mixed other than cash or marketable securities, the fair value of which taking into consideration assessed valuations for State and County tax purposes less all incumbrances and liens, exceeds, if single, Five Thousand Dollars ($5,000), or if married, does not own property real, personal, or mixed other than cash or marketable securities, the fair value of which taking into consideration assessed valuations for State and county tax purposes less all incumbrances and liens, exceeds Seven Thousand Five Hundred Dollars ($7,500);

       (h). Does not have or own cash or marketable securities, the fair value of which exceeds Five Hundred Dollars ($500) if single, or if

married, does not have or own cash or marketable securities, the fair value of which exceeds One Thousand Dollars ($1,000)."

Article 6243-5 (g) provides that an applicant must be "unable to support himself and has no husband or wife able to furnish him or her with support, and has no other means of support."

Article 6243-6, being the section quoted by you, reads as follows:

"In determination the eligibility of an applicant for assistance under this Act, it shall be the duty of the Commission to consider and take into account all facts and circumstances surrounding the applicant, including his earning capacity and his opportunity to obtain support from other sources, and if from all the facts and circumstances the applicant does not appear to be in a needy and necessitous condition, assistance shall be denied. In calculating income and resources of the applicant, the Commission shall take into account all money received by gift, devise or descent."

The relative ability of a child or children to support the parent would be among the facts and circumstances surrounding the applicant. The Commission under the broad language of the statute could conclude that a child who is able and willing to support his parent provides the latter with "an opportunity to obtain support from other sources", for the statute does not anywhere require that such "other source" be one from which support could be legally extracted. As a matter of fact, such "other source" could not refer to husband or wife, since the statute elsewhere makes provision that assistance cannot be had when the applicant's spouse is able to provide support.

The provision is that "if from all the facts and circumstances the applicant does not appear to be in a needy and necessitous condition, assistance shall be denied." We think this would warrant the Commission to conclude that if due to the fact that a man's children are able to and are supporting him, he is not in a needy and necessitous condition within the meaning of the statute.

The statute says that the Commission shall take into account "all money received by gift," etc. We hardly believe that this has reference to money already on hand as proceeds of gifts, since Article 6243-1, Sec. 2 (f), (g) and (h), had al-

ready taken care of that situation.

Furthermore, the applicant is required to include in his application the following information (Article 6243-1, Sec. 7 (e) ):

"If receiving aid from any source, the amount received and from whom, or if such aid be not in cash money, then a description of such aid tendered, together with the name of the source of such aid and from whom; the amount received from the United States Government, State or County, public or private charitable organizations, corporation, or private individuals."

Then Article 6243-12, makes it the duty of the local administrative agency to investigate the statements contained in the application to determine the truth or falsity thereof.

It is logical to conclude that in requiring the applicant to show what aid he is receiving from his children, or other private individual, and in requiring the local administrative agency to investigate the truth or falsity of such showing, it was intended that such information might have bearing upon the question of whether the applicant should receive assistance, or how much assistance he should receive.

It is our opinion that the section of the statute mentioned by you, especially when considered in connection with other parts of the Act, requires the Commission to consider the status and financial ability of an applicant's child or children and other relatives, in connection with the application for aid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:FG:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS